IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| WALTER JAMES, III ) | |
|       PLAINTIFF, ) | |
| V. ) | CASE No.  2:25-cv-00124-RAH-CWB |
| ) | |
| CREDITFRESTH  D.B.A ) | |
| FIRST ELECTRONIC BANK, ) | |
|       DEFENDANT, ) | |
| ) | |
| _____ ) | |

## PLAINTIFF'S MOTION FOR RELIEF PURSUANT TO THE FAIR CREDIT REPORTING ACT AND TRUTH IN LENDING ACT

COMES NOW, the Plaintiff, Walter James, III, and files this Motion for Relief against Defendant CreditFresh on behalf of First Electronic Bank, pursuant to the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 et seq., and the Truth in Lending Act ("TILA"), 15 U.S.C. § 1601 et seq. In support of this Motion, Plaintiff states the following:

1

## I. JURISDICTION AND VENUE

1. This Court has jurisdiction over this matter under 28 U.S.C. § 1331, as the action arises under federal law, specifically the Fair Credit Reporting Act (15 U.S.C. § 1681) and the Truth in Lending Act (15 U.S.C. § 1601).

2. Venue is proper in the Middle District of Alabama pursuant to 28 U.S.C. § 1391(b), as the Plaintiff resides in this district and the events giving rise to this claim occurred within this district.

## II. PARTIES

3. Plaintiff Walter James, III is a resident of [insert city], Alabama, and is a "consumer" as defined by 15 U.S.C. § 1681a(c).

4. Defendant CreditFresh on behalf of First Electronic Bank, is a business entity with its principal office located at 200 Continental Drive, Suite 401, Newark, DE 19713. CreditFresh is a "furnisher of information" as defined under 15 U.S.C. § 1681s-2.

## III. FACTUAL BACKGROUND

5. On or about January 28, 2025, Plaintiff discovered that Defendant CreditFresh was reporting inaccurate information regarding a credit account Plaintiff neither opened nor authorized to consumer reporting agencies.

6. At the time the account was allegedly opened, Plaintiff was incarcerated at Jesup Correctional Facility, rendering it impossible for him to have initiated or authorized the account.

7. On January 28, 2025, Plaintiff sent a written dispute to Defendant CreditFresh, disputing the validity of the account and providing documentation supporting his claim of identity theft.

8. Plaintiff also filed a complaint with the Consumer Financial Protection Bureau ("CFPB") on January 28, 2025.

9. Defendant CreditFresh responded to Plaintiff on February 4, 2025, on behalf of First Electronic Bank, providing a copy of a loan agreement containing Plaintiff's name, date of birth, and Social Security number, along with an account number associated with an unfamiliar Navy Federal account.

10. Plaintiff contends that CreditFresh failed to conduct a reasonable investigation of the dispute, in violation of federal law.

## IV. LEGAL ARGUMENT

## A. Violations of the Fair Credit Reporting Act (FCRA)

11. Under 15 U.S.C. § 1681s-2(b), furnishers of information have a duty to conduct a reasonable investigation upon receipt of notice of a dispute from a consumer reporting agency.

12. Despite receiving notice of Plaintiff's dispute, Defendant CreditFresh failed to conduct a reasonable investigation or correct the inaccurate information. As a result, Defendant continues to report the fraudulent account as legitimate.

13. The Eleventh Circuit has emphasized that furnishers must conduct meaningful investigations of disputes. See *Felts v. Wells Fargo Bank, N.A.*, 893 F.3d 1305, 1313 (11th Cir. 2018) (holding that a reasonable investigation under the FCRA requires more than a superficial inquiry).

14. Additionally, in *Losch v. Nationstar Mortgage LLC*, 995 F.3d 937 (11th Cir. 2021), the court reiterated that a failure to reasonably investigate disputed credit information could subject a furnisher to liability under the FCRA.

15. Defendant's actions and omissions constitute willful and/or negligent noncompliance with the FCRA, entitling Plaintiff to remedies under 15 U.S.C. § 1681n (for willful violations) and 15 U.S.C. § 1681o (for negligent violations), including actual damages, statutory damages, punitive damages, and attorney's fees.

4

## B. Violations of the Truth in Lending Act (TILA)

16. The Truth in Lending Act, 15 U.S.C. § 1601 et seq., mandates clear and accurate disclosure of credit terms to consumers.

17. Defendant's reporting of a fraudulent account with undisclosed and unauthorized terms constitutes a violation of TILA's disclosure requirements.

18. Courts within the Eleventh Circuit have held that creditors must provide clear disclosures of credit terms and account obligations. See *Bragg v. Bill Heard Chevrolet, Inc.*, 374 F.3d 1060, 1068 (11th Cir. 2004).

19. By failing to ensure accurate reporting of credit information, Defendant has caused Plaintiff harm, including damage to his credit reputation and financial standing.

## C. Failure to Investigate and Address Identity Theft

20. Defendant's failure to investigate the fraudulent account despite clear evidence of identity theft constitutes a breach of its legal obligations under both the FCRA and TILA.

21. The Eleventh Circuit in *Collins v. Experian Info. Sols., Inc.*, 775 F. App'x 614 (11th Cir. 2019) emphasized the importance of furnishers conducting thorough investigations and removing inaccurate data when disputes arise.

5

22. Plaintiff has suffered actual damages as a result of Defendant's failure to act, including emotional distress, denial of credit opportunities, and reputational harm.

## V. RELIEF REQUESTED

WHEREFORE, Plaintiff respectfully requests that this Court grant the following relief:

1. An order compelling Defendant CreditFresh to cease and desist from reporting inaccurate account information under Plaintiff's name to any consumer reporting agencies;

2. An order requiring Defendant CreditFresh to conduct a reasonable investigation into the disputed account and to provide written confirmation of all corrective actions taken;

3. An award of statutory, actual, and punitive damages for Defendant's willful noncompliance with the FCRA pursuant to 15 U.S.C. § 1681n;

4. An award of actual damages and attorney's fees for Defendant's negligent noncompliance with the FCRA pursuant to 15 U.S.C. § 1681o;

5. Such other and further relief as this Court deems just and proper.

Respectfully submitted,

/s/ Walter James, III
_____
Walter James, III
5624 East Shades Valley Drive
Montgomery, Alabama 36108
334-561-8230
Plaintiff, Pro Se

Dated this, the __11th__ day of __February__, 2025.

CERTIFICATE OF SERVICE

## VI. CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing Motion has been served upon the Defendant by [insert method of service, e.g., U.S. Mail, certified mail, or electronic service], on this 11TH day of FEBRUARY, 2025.

A copy of the following:

CLERK OF THE COURT
One Church Street
Montgomery, AL 36104

CreditFresh on behalf of First Electronic Bank
200 Continental Drive, Suite 401, Newark, DE 19713

RESPECTFULLY SUBMITTED,

WALTER JAMES, III
5624 EAST SHADES VALLEY
MONTGOMERY, ALABAMA
36108